IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| ANGEL GONZALEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 314-036 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| and STACEY STONE, Warden, | ) | |
| | ) | |
| Respondents. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

_____

Petitioner, a federal inmate currently incarcerated at McRae Correctional Facility in

McRae, Georgia, brings the above-captioned petition pursuant to 28 U.S.C. § 2241.[1]  (Doc. no.

1.)  Based on the information available to the Court in the original petition, (id.), on August 13,

2014, the Court entered a Report and Recommendation ("R&R"), recommending that

Petitioner's case be dismissed because he failed to exhaust his administrative remedies and his

allegations fail to show a violation of the Constitution, laws, or treaties of the United States.

(See generally doc. no. 3.)  Prompted by this Court's recommendation for dismissal, Petitioner

provided information about his exhaustion of administrative remedies and the nature of his claim

challenging the execution of his sentence.  (See generally doc. no. 5.)  In light of this new

information, on September 30, 2014, the Court vacated its August 13th R&R and directed Stacey

Stone, Petitioner's custodian by virtue of his position of Warden at McRae Correctional Facility,

_____

[1]Petitioner's filing is entitled "Motion for Injunctive Relief to Mandate Adherence to
B.O.P. Policy Statement 5111.04."  However, Petitioner actually seeks habeas corpus relief
pursuant to 28 U.S.C. § 2241 for the reasons set forth herein.

to show cause, in writing, why Petitioner's writ should not be granted. (Doc. no. 6.) Respondent has now filed a response to this order. (Doc. no. 10.)

Having considered all the relevant pleadings, for the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the United States of America be **DISMISSED** from this case, Petitioner's motion for summary judgment be **DENIED**, the petition be **DISMISSED** without prejudice based on Petitioner's failure to exhaust administrative remedies, and this civil action be **CLOSED**.

## I.    BACKGROUND

Petitioner, who is a Cuban national, was sentenced on October 12, 2011 to forty-two months' imprisonment and three years of supervised relief after he was convicted of conspiracy to defraud Medicare, in violation of 18 U.S.C. § 1349. (Doc. no. 1, p. 1; Doc. no. 10-3, "Shaw Decl.," ¶ 5, Attachs. 1 & 2.) He states he was remanded to the custody of the Bureau of Prisons ("BOP") "with recommendation to serve his sentence in a federal institution near his family." (Doc. no. 1, p. 1.) However, because he is a Cuban national, he was designated to McRae Correctional Facility, purportedly pursuant to BOP policy because he "is not eligible for any relief from deportation." (Id. at 1-2.) On August 22, 2012, Immigration and Naturalization Services ("INS") lodged an immigration detainer with BOP. (Shaw Decl., ¶ 7, Attachs. 3 & 4.) Petitioner has a projected release date of January 20, 2015, to be followed by three years of supervised release. (Shaw Decl., ¶ 6, Attach. 2.)

Petitioner filed the instant action asserting he should not be placed at McRae Correctional Facility because Cuban nationals are not subject to exclusion or removal from the United States. (Doc. no. 1, p. 3.) Consequently, Petitioner requests that this Court issue an injunction

2

mandating he serve the remainder of his sentence at another facility. (Id. at 4.) Further, Petitioner requests that because his "custody level score is at a minimum" this Court may direct BOP to place him in a community correction facility near his family or in home confinement. (Id. at 4.) Petitioner also asserts that he should be moved from McRae because other Cuban nationals were re-designated from McRae Correctional Facility to other institutions, home confinement, and community correction facilities. (Id.)

In terms of exhausting his administrative remedies, Petitioner filed documentation from the administrative appeal process and suggested he has exhausted his remedies. (See doc. no. 5.) Respondent contends Petitioner has failed to exhaust his administrative remedies because a review of BOP's SENTRY computer database showed that Petitioner has not pursued the final step of the administrative grievance process, an appeal to the BOP's Office of General Counsel. (Doc. no. 10; Shaw Decl., ¶¶ 14-17, Attachs. 5-9.) Respondent also contends Petitioner is not entitled to relief on the merits of his petition. (Doc. no. 10, pp. 6-7.)

On November 6, 2014, the Clerk of Court filed Petitioner's motion for summary judgment in which he contends Respondent has not filed a response to his petition in accordance with this Court's September 30, 2014 Order directing Respondent to file a response within twenty days of the date of service. (See doc. nos. 6, 11.)

## II.    DISCUSSION

### A.    Nature of the Petition.

Petitioner commenced the present action by filing a document entitled "Motion for Injunctive Relief to Mandate Adherence to B.O.P. Policy Statement 5111.04," in which he asserts that he has improperly been placed at McRae Correctional Facility and wishes to be

immediately transferred to another facility closer to his family. As petitioner is challenging the

execution of his sentence, his filing is properly a § 2241 petition. See Williams v. Pearson, 197

Fed. App'x 872, 876 (11th Cir. 2006) (noting that § 2241 is the proper statute under which to

challenge the manner in which a sentence is executed). Indeed, challenges by a federal prisoner

to his place of confinement, such as Petitioner's challenge here, are proper in a § 2241 petition.

See United States v. Saldana, 273 Fed. App'x 845, 846 (11th Cir. 2008); Meza v. Wells, No. CV

309-075, 2009 WL 4250026, at *2 (S.D. Ga. Nov. 23, 2009) (Bowen, J.).

### B.    Stacey Stone is the Proper Respondent.

Petitioner named the United States of America as the sole Respondent in this case.

However, as the Court stated in its September 30th Order, the only proper Respondent is Stacey

Stone because he is Petitioner's custodian as Warden at McRae Correctional Facility. Rumsfeld

v. Padilla, 542 U.S. 426, 435 (2004) ("[L]ongstanding practice confirms that in habeas

challenges to present physical confinement . . . the default rule is that the proper respondent is

the warden of the facility where the prisoner is being held . . . ."). Therefore, the United States of

America should be **DISMISSED** from this case.

### C.    Petitioner's Motion for Summary Judgment Must Be Denied Because Respondent's Return on the Order to Show Cause Was Timely Filed.

In Petitioner's motion for summary judgment, he contends that Respondent does not

contest the issues in the petition and the petition should be granted because Respondent did not

file a response to his petition in accordance with this Court's September 30th Order,. (Doc. no.

11.) The September 30th Order directed Respondent to file a response within twenty days of the

date of service. (Doc. no. 6.) The United States Marshal effected all necessary service in

accordance with the September 30th Order on October 15, 2014. (Doc. nos. 7-9.) Therefore, the

response, filed on October 30, 2014, was timely. (See doc. no. 10.) Additionally, neither default

nor summary judgment is appropriate due to the failure to timely respond to a petition for writ of

habeas corpus. See, e.g., Aziz v. Leferve, 830 F.2d 184, 187 (11th Cir. 1987) (finding that a

default judgment is not contemplated in habeas corpus cases); Goodman v. Keohane, 663 F.2d

1044, 1048 n. 4 (11th Cir. 1981) (rejecting petitioner's argument that the government's tardiness

in responding to his petition entitled him to habeas relief). Accordingly, the Court **DENIES**

Petitioner's motion for summary judgment.

#### D. Petitioner's Claims Are Improperly Before This Court Because He Failed to Exhaust His Administrative Remedies.

Prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to

administrative exhaustion requirements. Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir.

2004), *cert. denied*, 541 U.S. 1036 (2004); Rodriguez v. Lamer, 60 F.3d 745, 747 (11th Cir.

1995) (noting requirement for exhausting administrative remedies with the BOP prior to seeking

§ 2241 relief in federal court). The Eleventh Circuit has held, unequivocally, that "[i]f, and only

if, the [petitioner] has pursued his administrative remedy may he seek relief in the district court."

United States v. Herrera, 931 F.2d 761, 764 (11th Cir. 1991). The Eleventh Circuit has held on

multiple occasions that a petitioner seeking habeas relief under § 2241 cannot obtain judicial

waiver of the Eleventh Circuit's exhaustion requirement by demonstrating futility because

exhaustion of administrative remedies is jurisdictional. See McGee v. Warden, FDC Miami, 487

F. App'x 516, 518 (11th Cir. 2012) ("Because [petitioner] did not exhaust his administrative

remedies, the district court did not have jurisdiction to review his § 2241 petition."); Rey v.

Warden, FCC Coleman-Low, 359 F. App'x 88, 90-91 (11th Cir. 2009) (citing Skinner, 355 F.3d

at 1295); Martin v. Zenk, 244 F. App'x 974, 977 (11th Cir. 2007) (same). Even if a futility

exception were recognized for petitioners seeking relief under § 2241, it would only apply in

"extraordinary circumstances," and the petitioner would bear "the burden of demonstrating the futility of administrative review." Fuller v. Rich, 11 F.3d 61, 62 (5th Cir. 1994) (noting exhaustion requirement in relation to bringing § 2241 petition); Jones v. Zenk, 495 F. Supp. 2d 1289, 1297, 1299-1300 (N.D. Ga. July 6, 2007).

Here, Respondent has presented evidence showing that Petitioner did not exhaust his administrative remedies because he did not complete the final step of the grievance process, an appeal to the BOP's Office of General Counsel. (Doc. no. 10; Shaw Decl., ¶¶ 14-17, Attachs. 5-9.) Petitioner does not contend otherwise, attempt to show the existence of extraordinary circumstances, or demonstrate the futility of administrative review. In sum, Petitioner has not demonstrated that he has properly exhausted his administrative remedies or that such exhaustion would be futile, and thus, his claims are not properly before this Court. McGee, 487 F. App'x at 518; Fuller, 11 F.3d at 62.

### III. CONCLUSION

For the reasons stated above, the Court **REPORTS** and **RECOMMENDS** that the United States of America be **DISMISSED** from this case, Petitioner's motion for summary judgment be **DENIED**, the petition be **DISMISSED** without prejudice based on Petitioner's failure to exhaust administrative remedies, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 8th day of December, 2014, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA